United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Stella Croxon,<br><br>        Plaintiff,<br>   v.<br><br>Enterprise America, Inc., et al.,<br><br>        Defendants. | NO. C 03-01144 JW<br><br>**ORDER GRANTING DEFENDANT JOHNNIE ROGERS' RENEWED MOTION TO SET ASIDE DEFAULT JUDGMENT; SETTING CASE MANAGEMENT CONFERENCE** |

Presently before the Court is Defendant Johnnie Rogers' ("Rogers") Renewed Motion to Set Aside Default and Default Judgment.[1] Defendant Rogers moves to set aside the Court's December 1, 2003 Default Judgment entered against her pursuant to Fed. R. Civ. P. 60(b). The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date and oral argument, the Court GRANTS Defendant Rogers' Motion to Set Aside Default Judgment.

**A.  Background**

In a Complaint filed on March 17, 2003, Stella Croxon ("Plaintiff") alleged that Defendants Enterprise America, Inc. ("Enterprise America"), Consumer Credit Management Services ("CCMS"), Randall Richards ("Richards") and Rogers violated, *inter alia*, the Fair Credit Report Organization Act, 15 U.S.C. §§ 1679, *et seq.*, by failing to make agreed-upon payments on behalf of

---

[1] (Notice of Motion (Renewal) and Motion to Vacate and Set Aside Default and Default Judgment Entered Against Defendant Johnnie Rogers; Memorandum of Points and Authorities, hereafter, "Motion," Docket Item No. 44.)

1 Plaintiff to several of her creditors.[2] (Complaint ¶¶ 13-24, Docket Item No. 1.) On December 1,
2 2003, the Court entered default judgment against each of the Defendants except CCMS. (December
3 1, 2003 Order Granting Default Judgment, hereafter, "Default Judgment Order," Docket Item No.
4 25.)

5 On August 21, 2008, Defendant Rogers moved to set aside the Court's Default Judgment
6 Order on the grounds that the Court lacks personal jurisdiction over her and she was never properly
7 served by Plaintiff. (See Docket Item No. 31.) On December 18, 2008, the Court denied Rogers'
8 motion without prejudice to being renewed after jurisdictional discovery. (December 2008 Order at
9 8.) On March 2, 2009, the parties completed jurisdictional discovery and Defendant Rogers filed the
10 present Motion on March 26, 2009.

**B.     Discussion**

Defendant Rogers contends that setting aside the Default Judgment as to her is appropriate under Fed. R. Civ. P. 60(b) because, after conducting several months of jurisdictional discovery, Plaintiff cannot present any evidence showing that the exercise of specific personal jurisdiction over her is proper. (Motion at 4.) Specifically, Defendant Rogers contends that specific personal jurisdiction over her is lacking because, although she engaged in forum-related activity as an agent of Defendant Enterprise America, she did not exercise control over the conduct of Defendants Enterprise America and CCMS. (Motion at 4-5.)

Under Fed. R. Civ. P. 60(b)(4), a court "may relieve a party or its legal representative from a final judgment" if "the judgment is void." A judgment is void if it was entered by a court lacking jurisdiction. See Pac. Atlantic Trading Co., Inc. v. The M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985). "A motion under rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). However, when a motion under Rule 60(b)(4) is premised on a lack of authority by the issuing court, the reasonable time requirement is effectively inapplicable. See Yanow v.

---

[2] A more detailed factual and procedural background of this case can be found in the Court's December 18, 2008 Order denying Rogers' motion to set aside default judgment. (December 18, 2008 Order Denying Defendant's Motion to Set Aside Default Judgment Without Prejudice at 2-3, hereafter, "December 2008 Order," Docket Item No. 41.)

2

Weyerhaeuser S.S. Co., 274 F.2d 274, 278 (9th Cir. 1959); Walker & Zanger Ltd. v. Stone Design S.A., 4 F. Supp. 2d 931, 934 (C.D. Cal. 1997). Although a motion under Rule 60(b) is usually within the discretion of a district court, refusing to set aside a default judgment under Rule 60(b)(4) where the court lacked jurisdiction is "a *per se* abuse of discretion." Bally Export Co. v. Balicar, Ltd., 804 F.2d 398, 401 (7th Cir. 1986).

Here, in its December 18 Order, the Court found that Defendant Rogers acted as an agent of Defendant Enterprise America and directly participated in the conduct giving rise to Plaintiff's action. (December 2008 Order at 6 n.5.) However, since the parties did not provide sufficient information concerning Defendant Rogers' relationship with Defendants Enterprise America and CCMS, the Court allowed the parties to conduct jurisdictional discovery to determine if Defendant Rogers exercised the requisite control over those Defendants. (Id. at 8.) In support of the present Motion, the parties provide little new evidence. In fact, the parties rely on the same minimal evidence previously provided by the Court.

The Court finds that the parties have not provided sufficient evidence for the Court to declare that at the time of the entry of default judgment, it did not have personal jurisdiction over Defendant Rogers. However, even in the more rigorous 60(b) context, there is a strong preference for trial on the merits, and any doubts should be resolved in favor of setting aside the default. Direct Mail Specialists v. Eclat Computerized Technologies, 840 F.2d 685, 690 (9th Cir. 1988). Here, the Court finds that Defendant Rogers has made a showing that there is a substantial issue with respect to whether the Court lacked authority to enter default judgment against her because it did not have personal jurisdiction and because she was not properly served.

In light of the strong preference for resolution of issues on the merits, the diligent response of Defendant Rogers in moving promptly to set aside default as soon as she learned of the Judgment against her, and the absence of prejudice to Plaintiff, the Court finds good cause to grant Defendant Rogers' Motion to Set Aside Default Judgment.

**C.** **Conclusion**

The Court GRANTS Defendant Rogers' Motion to Set Aside Default Judgment. The Court's December 1, 2003 Default Judgment is set aside as to Defendant Rogers. Since Defendant Rogers also moves to set aside default on the ground that she was not properly served, the Court now orders Plaintiff to effectuate proper service on Defendant Rogers, or Defendant Rogers may waive service. Once Defendant Rogers is properly served with process, she may file an appropriate response, including a motion to dismiss for lack of personal jurisdiction.

The Clerk shall reopen this case. The Court sets a Case Management Conference for **June 15, 2009 at 10 a.m.** The parties shall meet and confer and file a Joint Case Management Statement on or before **June 5, 2009.** The Statement shall include, among other things, a proposed schedule to advance this case, including whether additional discovery is necessary and a briefing schedule for Defendant Rogers' Motion to Dismiss or Summary Judgment for lack of personal jurisdiction.

In light of this Order, the May 18, 2009 hearing on Defendant Rogers' Motion is VACATED.

Dated: May 13, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Barak Isaacs barakisaacs@hotmail.com
Carole Johnston carole@johnstonlegal.com
Robert Mayer Moss rmmosslaw@hotmail.com
Sharon L. Kinsey cmcclele@consumeradvocate.net

**Dated:  May 13, 2009**                                              **Richard W. Wieking, Clerk**

                                                                                **By:      /s/ JW Chambers          **
                                                                                       **Elizabeth Garcia**
                                                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California